UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
Michael E. Poliniak,

                              Plaintiff,                06-CV-0196-T

              v.                             **DECISION**
                                                         **and ORDER**
JO ANNE B. BARNHART, Commissioner
of Social Security

                              Defendant.
_____

## **INTRODUCTION**

Plaintiff Michael E. Poliniak ("Plaintiff"), proceeding pro se, brings this action pursuant to the Social Security Act § 216(I) and § 223, seeking review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant"), denying his application for Disability Insurance Benefits.[1] Specifically, Plaintiff alleges that the decision of Administrative Law Judge ("ALJ") John J. Mulrooney, II denying his application for benefits was erroneous and not supported by substantial evidence contained in the record and was not supported by the applicable law.

Plaintiff seeks reversal of the Commissioner's ruling or, in the alternative, remand of the matter for a new hearing. The Commissioner moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) ("Rule 12(c)"). Plaintiff did not file a response to the Commissioner's motion.

---

[1] This case was transferred to the undersigned by the Honorable Richard J. Arcara, Chief Judge, United States District Court for the Western District of New York, by Order dated April 24, 2008.

For the reasons set forth below, I hereby deny the Defendant's motion for judgment on the pleadings and remand this claim to the Commissioner for further proceedings consistent with this decision.

## BACKGROUND

On August 18, 2004, Plaintiff, who was then 43 years old, filed an application with the Social Security Administration for Disability Insurance Benefits (Tr. at 62-65). Plaintiff claimed an inability to work since December 5, 2003 (Tr. at 62), due to a back injury (Tr. at 76). Plaintiff's application was denied initially on November 19, 2004 (Tr. at 27-31). He then filed a timely request for a hearing before an ALJ (Tr. at 32). On September 23, 2005, Plaintiff appeared, represented by counsel, at the administrative hearing before ALJ Mulrooney by way of video teleconference (see Tr. at 186-215). Plaintiff, and a vocational expert, appeared in person and testified in Buffalo. The ALJ sat in Johnstown, Pennsylvania.

In a decision dated October 14, 2005, ALJ Mulrooney found that although Plaintiff's secondary disc herniation, degenerative disc disease, subtle lumbar levoscoliosis, and marginal L4 osteophyte were severe, the Plaintiff was not disabled within the meaning of the Social Security Act (Tr. at 18-19). Plaintiff appealed that decision to the Social Security Appeals Council ("Appeals Council") in the form of a letter from his attorney, dated October 24, 2005 (Tr. at 183).

The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request

for review of the ALJ's decision on January 26, 2006 (Tr. at 4-7). On March 29, 2006, Plaintiff filed this action appealing the Commissioner's decision.

## DISCUSSION

### I. Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. This section has been made applicable to Disability Insurance Benefits cases by § 42 U.S.C. 1383(c)(3). 42 U.S.C. § 405(g) directs that when considering such a claim, the district court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 217 (1938). Section 405(g) thus limits the court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See Monqeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that a reviewing court does not try a benefits case de novo). The court also is authorized to review the legal standards employed by the Commissioner in evaluating the plaintiff's claim. The court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F. Supp. 265, 267 (S.D. Tex. 1983) (citation omitted).

The Commissioner asserts that her decision was reasonable and is supported by the evidence in the record, and moves for

judgment on the pleadings pursuant to Rule 12(c). Judgment on the pleadings may be granted under Rule 12(c) where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the Court is convinced that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief, judgment on the pleadings may be appropriate. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

The Commissioner's determination may be reversed if it is not supported by substantial evidence contained in the record or if there has been a legal error. Grey v. Heckler, 721 F.2d 41, 44 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).

### II. **The ALJ erred in not taking into account the medical opinion of Plaintiff's primary care physician.**

The ALJ committed error by failing to consider the medical opinion of Plaintiff's primary care physician, dated July 21, 2005, in which the physician determined that Plaintiff was 100% disabled (see Tr. at 180-81). The ALJ is required to evaluate every medical opinion in the record before him. 20 C.F.R. § 404.1527(d). ALJ Mulrooney, without explanation, makes no mention of Dr. Ivan Sabio's conclusion that Plaintiff was 100% disabled.

Furthermore, the ALJ must give good reasons in his decision as to the weight afforded the treating physician's opinions. Id. § 404.1527(d)(2). See Snell v. Apfel, 177 F.3d 128, 134 (2d Cir.

1999). ALJ Mulrooney further erred in failing to identify what weight he afforded Dr. Sabio's medical opinion, dated July 21, 2005.

## CONCLUSION

For the reasons set forth above, I remand this case to the Commissioner for a new administrative hearing. Plaintiff is advised that he is entitled to appear with his attorney or representative at the hearing. In rendering a decision, the ALJ shall consider all of the available medical evidence before him, including the report from Dr. Sabio, dated July 21, 2005. The ALJ must identify the weight, if any, afforded the medical opinion of all medical providers.  The ALJ also should develop the record with respect to the MRI ordered by Dr. James G. Egnatchik, Plaintiff's neurosurgeon, on June 14, 2005 (see Tr. at 178-79). Although Dr. Egnatchik ordered Plaintiff's most recent MRI, which was performed on July 12, 2005 (see Tr. at 176-77), there is no indication in the record as to what conclusions, if any, Dr. Egnatchik reached after reviewing the findings from this MRI. Defendant's motion for judgment on the pleadings is denied.

ALL OF THE ABOVE IS SO ORDERED.

S/Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         June 11, 2008